UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:20-cv-1486-T-23AEP
     8:13-cr-200-T-23AEP

RONALD MARK NIXON, JR.
_____/

**ORDER**

Nixon submitted correspondence in the criminal case (Doc. 91) that the district court (1) construed as both a motion under 28 U.S.C. § 2255 to vacate and a motion to appoint counsel and (2) directed the clerk to file the papers under a new civil case number as an action under Section 2255. (Docs. 1 and 2) Affording his papers a generous interpretation, Nixon challenges both his conviction for possession of a firearm in furtherance of a drug trafficking offense and his sentence of 188 months' imprisonment, both of which are in accord with his plea agreement. Nixon is barred from pursing an unauthorized second or successive Section 2255 motion to vacate.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*,

624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

The district court denied Nixon's earlier challenge to this same conviction, and the circuit court dismissed the appeal for lack of jurisdiction. (Docs. 7 and 21 in 14-cv-1449) Nixon cannot pursue a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).

The pending motion to vacate is, therefore, a second or successive action that is subject to specific restrictions because a district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Affording his correspondence a generous interpretation, Nixon asserts entitlement to proceed under *Davis v. United States*, 139 S. Ct. 2319 (2019), which holds that the residual clause in 18 U.S.C. § 924(c)(3)(B) is "unconstitutionally vague." *Davis* applies retroactively. *In re: Wissam T. Hammoud*, 931 F.3d 1032, 1038, 1039 (11th Cir. 2019) ("We conclude that *Davis*, like *Johnson* before it, announced a new substantive rule[, and] we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced."). Section 2255(h) permits the circuit court to authorize a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> > newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would

> be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Nixon fails to represent that the circuit court has granted him the necessary authorization. Nixon must obtain authorization from the circuit court to file a second or successive motion to vacate before jurisdiction is proper in the district court.

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district court cannot entertain the motion to vacate to review the second or successive action:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014)[2] (applying *Williams* in determining that the district court lacked jurisdiction because the motion

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

The construed motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as an unauthorized second or successive motion. The construed motion for the appointment of counsel (Doc. 2) is **DENIED AS MOOT**. The clerk must close this case.

ORDERED in Tampa, Florida, on July 17, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE